### GOSSLER *et al. v.* LAU *et al.*

*(Superior Court of New York City, General Term.  May 4, 1891.)*

AGREEMENT TO PAY DRAFTS—CONSTRUCTION—BILL OF LADING.

Plaintiffs undertook to pay foreign manufacturers' drafts for goods sold defendants, accompanied by bills of lading, defendants agreeing to pay said drafts before maturity, and pay plaintiffs a commission for their trouble. In pursuance thereof plaintiffs paid a draft for goods consigned to defendants, which were lost at sea, and on which no insurance could be recovered by reason of shipment by consignors under an improper bill of lading. *Held,* in an action by plaintiffs to recover the amount of said draft, that the plaintiffs were not defendants' agents in respect to the shipment of said goods, but that the duty of making the shipment, under a proper bill of lading, devolved upon the foreign consignor, and that there was no error in striking out such portions of the defendants' answer as set up the default of the plaintiffs in that respect as a defense to their claim.

Appeal from special term.

Action by John Berenberg Gossler and others against Jacob H. Lau and Louis Lau, to recover an amount paid by the plaintiffs for the use and benefit of defendants. The defendants appeal from an order striking out portions of their answer.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*Wing, Shoudy & Putnam, (Joseph H. Shoudy,* of counsel,) for appellants. *Hinrichs & Rudolph, (Fred. W. Hinrichs,* of counsel,) for respondents.

McADAM, J. Without going over the facts, which have been fully stated in the opinion filed on sustaining the interlocutory judgment entered on the demurrer interposed by the plaintiffs to the counter-claim of the defendants, (see *Gossler* v. *Lau, ante,* 287,) we have failed to discover any abuse of au-

thority by the court below in striking out portions of the defendants' answer. As we said in disposing of the other appeal, the plaintiffs were not the shippers of the goods, did not obtain the bills of lading from the carrier, but from Braun & Bloem, from whom the defendants received the goods. The plaintiffs were not the agents of the defendants, in the sense that imposed on them the duty of seeing to the manner of shipment of the goods, or to the phraseology of the bills of lading, or of communicating to the defendants the mode of shipment or contents of the said bills of lading. There are no facts alleged from which any such duty may be implied. The drafts of Braun & Bloem were honored by the plaintiffs upon receiving bills of lading for shipments actually made by Braun & Bloem. There is no allegation that the bills of lading did not truthfully represent the facts as they were. There was nothing upon the bills of lading to apprise the plaintiffs that they were improper in form, or different than Braun & Bloem or the defendants intended. The plaintiffs were justified in honoring the drafts, and the defendants should make the amount paid good. The subsequent loss of the goods at sea cannot be visited upon the plaintiffs, who are innocent of any misconduct. Braun & Bloem are the guilty persons, if any wrong was done to the defendants, and, if they have any remedy, it is seemingly against them. The defendants relied on Braun & Bloem for the manner of shipment, and the obtaining of proper bills of lading. Braun & Bloem were selected by the defendants for their integrity and ability, and if they were agents in the transaction they were the representatives of the defendants, and, in contemplation of law, what they did the defendants did. Under these circumstances, the familiar rule that, where one of two innocent persons must suffer by the wrong of a third, the loss must fall upon him who gave the credit or imposed the confidence, may be invoked. The effort by the defendants to spell out a duty and breach on the part of the plaintiffs, by the use in their answer of conclusions and inference without support from facts, has failed to make that duty or breach clear. The matters stricken out were irrelevant and redundant, were properly stricken out, and the order striking them out must be affirmed, with costs. All concur.